UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cr-0049-SEB-TAB |
| | ) | |
| PAUL T. MCDOUGALL, III, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 29, and February 22, 2019 and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 6, 2019, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 6, 2019, defendant Paul T. McDougall, III appeared in person with his counsel, Mario Garcia. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. McDougall of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. McDougall questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. McDougall and his counsel, who informed the court they had reviewed the Petition and that Mr. McDougall understood the violations alleged. Mr. McDougall waived further reading of the Petition. The court summarized the Petition.

3. The court advised Mr. McDougall of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. McDougall was advised of the rights he would have at a preliminary hearing. Mr. McDougall stated that he wished to waive his right to a preliminary hearing, stipulating that there is a basis in fact to hold him on the specifications of violation.

4. The court then advised Mr. McDougall of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. McDougall, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, and 5 set forth in the Petition as follows:

**Violation
Number**      **Nature of Noncompliance**

| | |
|---|---|
| 1 | **"The defendant shall refrain from unlawful use of a controlled substance."** |

On December 19, 2018, and January 16, 2019, the offender submitted urine samples which tested positive for amphetamine. The samples were sent to the Alere Laboratory for further testing and were confirmed positive for amphetamine and methamphetamine. Subsequently, Mr. McDougall submitted a sample on January 22, 2019, which tested positive for amphetamine.

As previously reported to the Court, on October 30, December 14, and 18, 2018, Mr. McDougall submitted urine samples which tested positive for amphetamine. He admitted to the use of methamphetamine up to twice weekly since his commencement of supervised release.

| | |
|---|---|
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |

As previously reported to the Court, Mr. McDougall failed to report for urinalysis testing at the Indianapolis Comprehensive Treatment Center (ICTC) three times in November 2018, as well as on December 4, 2018. He failed to report for testing at the probation office on December 12, and 13, 2018. He has since failed to report for urinalysis testing at ICTC on December 27, 2018, and January 9, 2019. He informed the probation officer he avoided drug tests due to his continued use of methamphetamine since his release from prison.

| | |
|---|---|
| 3 | **"The defendant shall refrain from unlawful use of a controlled substance."** |

On February 12, and 15, 2019, Mr. McDougall submitted urine samples which tested positive for amphetamine. On February 15, 2019, he informed the probation officer he continued to consume methamphetamine, but claimed he last used the substance on February 9, 2019. To date, he has not submitted a negative sample since beginning his term of supervised release.

| | |
|---|---|
| 4 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug** |

3

            **tests per month.  You shall not attempt to obstruct or tamper with the testing methods."**

            The offender failed to report for urinalysis testing at the Indianapolis Comprehensive Treatment Center on February 8, 2019.

    5        **"You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."**

            Mr. McDougall began participation in the psychosexual treatment program at the Indianapolis Counseling Center on December 20, 2018. He is required to report once weekly for group treatment sessions. However, he failed to report on December 31, 2018, February 4, and 18, 2019. On February 19, 2019, he was unsuccessfully discharged from treatment due to failure to comply with the agency's attendance policy, as well as for continued drug

6.       The court placed Mr. McDougall under oath and directly inquired of Mr. McDougall whether he admitted violations 1, 2, 3, 4, and 5 of his supervised release set forth above.  Mr. McDougall admitted the violations as set forth above.

8.       The parties and the USPO further stipulated that:

    (a)      The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)      Mr. McDougall's criminal history category is II.

    (c)      The range of imprisonment applicable upon revocation of Mr. McDougall's supervised release, therefore, is 4 - 10 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.       The parties jointly recommended a sentence of sixty (60) days with seven (7) years of supervised release to follow.

    The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant,

PAUL T. MCDOUGALL, III, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of sixty (60) days with seven (7) years of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommended to assist the probation officer in supervising the offender and to ensure the safety of the community. Given Mr. McDougall's sex offense, and accompanied by his violation behavior while on supervised release, the aforementioned conditions are prudent.

Additional recommended conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment, substance abuse testing, sexual disorder assessment/treatment, and physiological testing. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

Given the offender's substance abuse history, including use of a controlled substance while on supervised release, these conditions are crucial in helping to hold him accountable, assisting him in his rehabilitation, and providing him with necessary substance abuse treatment in the community.

Additional recommended conditions of supervised release:

19. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

20. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

21. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

22. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

23. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

24. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

25. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband will be confiscated by the probation officer.

> These conditions are recommended given the offender's conviction for child molestation, and are necessary to assist in community safety.

Defendant McDougall reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. McDougall stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Dougall entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. McDougall's supervised release, imposing a sentence of imprisonment of sixty (60) days with seven (7) years of supervised release to follow.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 3/11/2019

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system