UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:17-cr-0049-SEB-TAB |
| PAUL T. MCDOUGALL, III, | ) ) | - 01 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On September 18, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 26, 2019. Defendant McDougall appeared in person with his appointed counsel Michael Donahoe. The government appeared by Kristina Korobov, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant McDougall of his rights and provided him with a copy of the Petition. Defendant McDougall orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant McDougall admitted Violation Nos. 1, 2, 3, 4, 5, and 6 as set forth in the Petition. [Docket No. 74.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall refrain from any unlawful use of a controlled substance."** |

As previously reported to the Court, Mr. McDougall submitted urine samples which tested positive for methamphetamine on May 22, 2019, May 28, 2019, May 30, 2019, and June 5, 2019. He has since submitted samples on June 12, 2019, June 21, 2019, July 10, 2019, July 16, 2019, July 18, 2019, July 30, 2019, and August 20, 2019. These samples have also tested positive for methamphetamine. A sample was last collected on August 23, 2019, and is pending results. Since the commencement of the term of supervised release on May 3, 2019, he has only submitted one negative sample on May 7, 2019.

| | |
|---|---|
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |

As previously reported to the Court, the offender failed to report for urinalysis testing on May 17, 2019, June 14, 2019, and June 20, 2019. He has since failed to report for testing on July 31, 2019, and August 13, 2019.

| | |
|---|---|
| 3 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approve by the probation officer"** |

Mr. McDougall failed to report for individual substance abuse counseling sessions at Take Bake [sic] Control, LLC, on July 19, 2019, July 24, 2019, July 29, 2019, July 31, 2019, August 14, 2019, and August 16, 2019. Also, as previously reported to the Court, he failed to report on June 25, 2019.

| | |
|---|---|
| 4 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

As previously reported to the Court, the offender failed to report to the probation office as directed on June 4, 2019. He has further missed appointments with the probation officer on July 16, 2019, July 23, 2019, and August 15, 2019.

| | |
|---|---|
| 5 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |

As previously reported to the Court, a routine criminal record check was conducted and revealed Mr. McDougall received an infraction/citation in Marion County, Indiana, on May 14, 2019, under cause number 49G13-1905-IF-023319 for Driving While Suspended. He did not disclose this information to the probation officer as required.

| | |
|---|---|
| 6 | **"You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."** |

Upon commencing his second term of supervised release, the offender was referred to the Indianapolis Counseling Center for psychosexual treatment. However, he was not admitted into the program as a result of him having an outstanding balance with the provider. He was instructed by the probation officer to make attempts to make regular payments toward this debt. To date, he has made no payments, and therefore, he has not resumed treatment.

4. The Court finds that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly recommended a sentence of twelve (12) months with no supervised release to follow. Defendant requested placement at FMC Lexington, Kentucky.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and Recommends that Defendant's supervised release be revoked, and that Defendant should be sentenced to the custody of the Attorney General or his designee for a period of twelve

3

(12) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge further recommendations that the District Judge recommend placement of Defendant at FMC Lexington, Kentucky.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 24 SEP 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system